UNITED STATES DISTRICT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
TYRONE BUIE,

                                    Plaintiff,

                    -against-

CITY OF NEW YORK; Police Officer VINCENT
LINDNER, Shield No. 27944; Police Officer
WILLIAM DUGAN, Shield No. 3858; Sergeant
MIGUEL FIGUEROA, Shield No. 3780; and
JOHN and JANE DOE 1 through 10, individually
and in their official capacities (the names John and
Jane Doe being fictitious, as the true names are
presently unknown),

                                    Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED
COMPLAINT**

16-CV-00960 (ERK)(SMG)

Jury Trial Demanded

## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation

of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343

and 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

## PARTIES

6.      Plaintiff Tyrone Buie ("plaintiff" or "Mr. Buie") is a resident of Kings County in the City and State of New York.

7.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.      Defendant Police Officer Vincent Lindner ("Lindner") at all times relevant herein, was/is an officer, employee and agent of the NYPD.  Defendant Lindner is sued in his individual and official capacities.

9.      Defendant Police Officer William Dugan ("Dugan") at all times relevant herein, was/is an officer, employee and agent of the NYPD.  Defendant Dugan is sued in his individual and official capacities.

10.     Defendants Police Officer Miguel Figueroa ("Figueroa") at all times relevant herein, was/is an officer, employee and agent of the NYPD.  Defendant Figueroa is sued in his individual and official capacities.

11.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13.     At all times relevant herein, all individual defendants were acting under color of state law.

**STATEMENT OF FACTS**

14.     At approximately 12:37 p.m. on July 30, 2015, plaintiff was exited 2822 West 32nd Street in Brooklyn, NY.

15.     Plaintiff aunt resides at 2822 West 32nd Street and plaintiff had just left her apartment.

16.     Shortly after exiting the location, plaintiff saw a friend, Christian Marquez, being stopped and searched by members of the NYPD.

17.     Plaintiff took out his cell phone to record his friend's arrest.

18.     Two officers, including Lindner, approached plaintiff, threw him to the ground and placed him in handcuffs.

19. At the precinct the defendants, including Lindner, Dugan, and Figueroa, falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff committing the crime of Criminal Trespass in the Third Degree and other related charges.

20. At no point did the officers observe plaintiff commit any crimes or offenses.

21. From the police precinct, plaintiff was taken to Brooklyn Central Booking.

22. After over a day in custody, plaintiff was released.

23. Ultimately, all charges against plaintiff were dismissed.

24. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### 42 U.S.C. § 1983

25. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

26. Defendants, by their conduct toward Plaintiff alleged herein, violated Plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

27.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unlawful Stop and Search

28.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

30.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## THIRD CLAIM
### False Arrest

31.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

33.      As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Failure To Intervene

34.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

36.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

37.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Malicious Prosecution

38.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of plaintiff's constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

40.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.  The prosecution by defendants of plaintiff constituted malicious prosecution in that there

was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

41.     As a direct and proximate result of defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SIXTH CLAIM
### Denial Of Constitutional Right To Fair Trial

42.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43.     The individual defendants created false evidence against Plaintiff.

44.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

45.     In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

46.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Monell

47.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48.     This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by Plaintiff.

49.     The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

50.     The City, through its police department, has a *de facto* quota police that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

51.     The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

52.     The City, at all relevant times, was aware that these

individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

53.     These policies, practices, and customs were the moving force behind Plaintiff's injuries.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:      September 29 2016
            New York, New York

                        _____/ss/_____
                        Robert Marinelli
                        305 Broadway, Suite 1001
                        New York, New York 10007
                        (212) 822-1427
                        robmarinelli@gmail.com

                        *Attorney for Plaintiff*